HENRY BOAZ v. STATE.

No. A-5391. Opinion Filed March 25, 1926.
(244 Pac. 206.)

Rummons & Hughes, for plaintiff in error.
The Attorney General, for the State.

BESSEY, P. J. Plaintiff in error, Henry Boaz, here referred to as the defendant, appeals from a judgment rendered against him in the county court of Kiowa county, assessing a punishment of a fine of $50 and 30 days in jail, upon a verdict finding him guilty of having possession of intoxicating liquor, with intent to sell, barter, give away or otherwise furnish the same.

The evidence discloses that the defendant had assembled in a wooden cask some apricots, sugar, hops and yeast, and then filled the cask with water, intending, as he claimed, to make some home brew for his own use. The cask with its contents was set just below a dam which impounded a pond of water, presumably put there to facilitate the process of fermentation. When this decoction was about three or four days old certain officers were making searches for liquor on adjoining and neighboring farms. The defendant heard of this, and to avoid trouble poured the mixture from this cask out onto the ground and rolled the cask into the pond, where it filled with water and sank out of sight. The officers found some of this liquid and mash so poured out in cow track depressions near this pond; they also found and recovered the submerged keg from the pond.

Beyond the statutory presumption arising from the quantity originally in the cask, there was no evidence whatever of the alcoholic content of the mixture, or that it was intoxicating. The information was defective in not designating the particular kind of intoxicating liquor defendant was alleged to have, but this vice was waived by defendant's failure to challenge the information by demurrer, or otherwise.

At the time of the alleged offense, section 6999, Comp. Stat. 1921, relating to presumptive evidence, was, in effect, providing that possession of more than one cask of malt liquor shall be presumptive evidence of

intent to sell. This may have been a cask of malt liquor, within the meaning of the statute; but the possession of only one cask might not raise a presumption of intent to sell. The instructions of the court on this feature incorrectly stated the law. And if there was, in fact, such a presumption, we think the evidence as a whole rebutted such presumption.

The judgment of the trial court is reversed.

DOYLE and EDWARDS, JJ., concur.